## THE ARTHUR R.

## THE WILLIAM R.

## THE LESTER R.

## RICE v. UNITED STATES LIGHTERAGE CORPORATION.

### No. 15866.

District Court, E. D. New York.

Dec. 4, 1940.

Pyne & Lynch, of New York City (Anthony V. Lynch, Jr., of New York City, of counsel), for libellant.

Thomas A. McDonald, of New York City, for respondent.

GALSTON, District Judge.

Damages are alleged as to the three scows owned by the libellant on different days of employment by the respondent as charterer. The main cause concerns the Arthur R. and that will be discussed first.

The scow was under oral charter, and was used by the respondent to transport munitions from Raritan Arsenal to United States Army transport Luddington, anchored in Gravesend Bay.

On the afternoon of November 23, 1938, the Arthur R. in tow of the Bouker No. 7, arrived at the transport, and cargo was worked until about 4:30 P. M. The tug then, with the Arthur R. and the stick-lighter Lumberjack, proceeded to Fort Wadsworth on the Staten Island shore, arriving at about 6 P. M. The weather was bad—rain with a strong northeast wind, blowing at about 35 miles an hour. The tug placed the Lumberjack along the face of the end of the dock, with the Arthur R. outside, and then departed. A complement of lines was out from the Arthur R. to the stick-lighter as well as to the dock.

The day following was Thanksgiving Day and no work was to be done.

The boats pounded heavily through the night. On the 24th the captain of the Lumberjack endeavored to reach an officer of the respondent by telephone but was not successful.

From midnight of the 23d to midnight of the 24th the wind was from the north and northeast. The Arthur R. was thus throughout in an exposed position to the full force of such wind. During the evening of November 24th, the Arthur R. broke adrift. First the stern starboard bitt of the Lumberjack was pulled out; the Arthur R. dropped back, with her port bow bitt pulled; the two hawsers to the dock parted, and the boat was driven by the wind to the rocky beach.

The negligence ascribed to the respondent was failure to inquire as to probable weather, in placing the scow in a position exposed to a prevailing north or northeast wind, and in dispensing with the services of a tug, to save tug hire over the holiday.

The respondent's contention is that it was a matter of mariner's choice to decide between anchoring at the explosive

anchorage ground or tieing up at Fort Wadsworth. However that may be, it was clearly the obligation of the respondent to have made inquiry about weather conditions. That it failed to do. Moreover, in the circumstances it was at fault in failing to have a tug at hand. Certainly to leave the scow in exposed position to a then prevailing northeast wind at 6 P. M. on November 23d, to be unattended the whole of the next day, was an act of negligence. See The John Carroll, 2 Cir., 275 F. 302.

The claims of the William R. and the Lester R. involve but minor damage. These barges were also under charter to the United States Lighterage Corporation. They too were employed to transport munitions to the Luddington. On May 4, 1939 the William R. was towed over to the ship but lay in a heavy swell for an hour on slack lines. When they were ready to unload and held the lines tight, the lines parted and during the maneuvering the top wearing strip came off. This happened after the fenders were down.

The Lester R. on the following day also lost a wearing strip, following parting of lines. In this instance also fenders were out.

Apparently, though the damage to the William R. and the Lester R. was so insignificant that no survey was called, the damage occurred while under charter and was attributable to the handling of the lines by or under the direction of the charterer.

Accordingly the libellant may have a decree.

Submit findings of fact and conclusions of law in conformity with the foregoing opinion.